

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

OCT 22 2010

_____
J. T. NOBLIN, CLERK
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**NATIONAL BUILDERS AND CONTRACTORS
INSURANCE COMPANY, A RISK RETENTION GROUP**          **PLAINTIFF**

**VS.**                          CIVIL ACTION NO. *2:10 cv0253-KS-MTP*

**LAURA PETERSON; PATRICK LANDELL SLOCUM;
ANGELA A. SLOCUM; SLOCUM ROOFING
AND CONSTRUCTION COMPANY; SLOCUM
CONSTRUCTION, LLC; SLOCUM CONSTRUCTION;
LANDY SLOCUM ROOFING AND CONSTRUCTION;
BONDED BUILDERS WARRANTY GROUP; A
ND REGIONS BANK, REGIONS BANK d/b/a REGIONS
MORTGAGE; ABC INDIVIDUALS AND XYZ ENTITIES**          **DEFENDANTS**

---

### COMPLAINT FOR DECLARATORY JUDGMENT

---

**COMES NOW,** the Plaintiff, NATIONAL BUILDERS AND CONTRACTORS INSURANCE COMPANY, A RISK RETENTION GROUP ("NBCI"), by and through its undersigned counsel, and files this, its Complaint for Declaratory Judgment, and in support hereof would show unto the Court the following, to wit:

### PARTIES

1.      NBCI is a foreign insurance corporation organized under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

2.      Defendant, Laura Peterson, is an adult resident citizen of Marion County, Mississippi, and may be served with process at 1480 Old Highway 35 North, Columbia, Mississippi 39429.

3.      Defendant, Patrick Landell Slocum, is an adult resident citizen of Marion County, Mississippi, and may be served with personal process of this Court at 760 Shiloh Firetower Road, Foxworth, Mississippi 39483.

4.      Defendant, Angela Slocum, is an adult resident citizen of Marion County, Mississippi, and may be served with personal process of this Court at 760 Shiloh Firetower Road, Foxworth, Mississippi 39483.

5.      Defendant, Slocum Roofing and Construction Company, is believed to be a Mississippi corporation and may be served with process of this Court by serving its representative and owner Patrick Landell Slocum at 760 Shiloh Firetower Road, Foxworth, Mississippi 39483.

6.      Defendant, Slocum Construction, LLC, is a Mississippi Limited Liability Company, whose members, upon information and belief, are all resident citizens of the State of Mississippi, and who can be served process by and through its registered agent for service of process, Landy Slocum, at 760 Shiloh Firetower Road, Foxworth, Marion County, Mississippi.

7.      That Slocum Construction may be served with process of this Court by serving its representative and owner Patrick Landell Slocum at 760 Shiloh Firetower Road, Foxworth, Mississippi 39483.

8.      That Landy Slocum Roofing and Construction is believed to be a Mississippi corporation and may be served with process of this Court by serving its representative and owner Patrick Landell Slocum at 760 Firetower Road, Foxworth, Mississippi 39483.

9.      That the Defendant, Bonded Builders Warranty Group, is believed to be a foreign corporation whose post office address is P.O. Box 810245, Boca Raton, Florida

2

33481-0245 and whose physical address is 1500 Kings Highway, Boca Raton, Florida 33481. Personal process may be had upon Bonded Builders Warranty Group by serving the Insurance Commissioner of the State of Mississippi at his office in Jackson, Mississippi.

10.    That the Defendant, Regions Bank and Regions Bank, d/b/a Regions Mortgage, is a banking corporation and personal process may be had by serving its registered agent, Corporation Service Company, at 506 South President Street, Jackson, Mississippi 39201.

11.    ABC Individuals and XYZ Entities are individuals or entities whose identities are unknown or whose whereabouts are unascertainable, who, once their identities are make known, or their whereabouts are ascertainable, will be added by amendment, in accordance with Rule 15 of the Federal Rules of Civil Procedure.

12.    The Defendants named herein have been named as party Defendants to this civil action so that any Order or Judgment rendered in this matter, as to the existence of coverage owed to Defendant, Slocum Construction, LLC, if any, by NBCI, will be binding upon all said Defendants under the theories of res judicata and/or collateral estoppel.  Therefore, pursuant to *Coleman v. Mississippi Farm Bureau Ins. Co.*, 708 So. 2d 6 (Miss. 1998), all of said Defendants have been added as parties, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, as each one of the Defendants' presence is necessary and indispensible for complete and final adjudication of the issues presented herein.

## JURISDICTION

13.    This Court has jurisdiction pursuant to 28 U.S.C. § 2201 in that this civil action involves a declaratory judgment. Further, this Court has jurisdiction pursuant to

3

28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

14. Rule 57 of the Federal Rules of Civil Procedure provides that NBCI may seek a declaration from this Court as to the rights and obligations among and between the parties in relation to the NBCI Policy, including, but not limited to, whether NBCI has an obligation to provide a defense and/or coverage to Defendant, Slocum Construction, LLC, as to the claims made in the Complaint filed in the Chancery Court of Marion County, filed by Defendant, Laura Peterson, entitled "Laura Peterson vs. Patrick Landell Slocum, Angella A. Slocum, Slocum Roofing and Construction Company, Slocum Construction, LLC, Slocum Construction, Landy Slocum Roofing and Construction, Bonded Builders Warranty Group and Regions Bank, Regions Bank d/b/a Regions Mortgage", bearing Cause No. 2008-0260-G-D on the docket of said court (hereinafter the "underlying Complaint").

15. An actual controversy exists as between the parties.

## VENUE

16. Venue is proper in this Court, including, but not limited to, pursuant to 28 U.S.C. § 1391 in that one or more of the defendants, herein, resides in the Hattiesburg Division of the Southern District of Mississippi.

## FACTS

17. This matter arises from the construction of a residence dwelling by Slocum Construction, LLC (hereinafter "Slocum Construction"), on behalf of the Plaintiff, Laura Peterson. *See* Complaint, generally, a true and correct copy of which is attached hereto and is incorporated herein by reference as **Exhibit A**.

4

18.   The Complaint alleges that on or about January 24, 2007, Laura Peterson ("Peterson"), as purchaser, and Landy Slocum, as seller, entered into a contract for the sale and purchase of real estate. **Exhibit A** at ¶ XIV.  The Complaint further alleges that on September 21, 2007, Patrick Landell Slocum and Angella A. Slocum sold and conveyed by Warranty Deed to Laura Peterson certain property located in Marion County, Mississippi. *Id.* at ¶ XI.

19.   Peterson contends that Slocum did not properly construct the house in question, by failing to do the following:  (1) failing to properly prepare the site; (2) failing to properly prepare the foundation, in particular a foundation for the cement foundation; (3) failing to prepare the site as they were supposed to do per agreement in that among other things they failed to place top soil to level the ground off and plant grass; (4) failing to clean and cut trees in the yard; (5) failing to properly install the dryer vent; (6) failing to install the sink in the utility room; (7) failing to allow room in the utility room between the sink and the clothes dryer so that the dryer door can be opened properly; (8) failing to properly install the roof and flashing on roof and around the windows causing mold and mildew to set up in the home; (9) failing to get a proper survey of the real property in question; (10) failing to properly install the electrical work in that there are not enough plugs, the light fixtures are loose and not properly hung; (11) failing to remove the concrete buildup extending out from the foundation of the home; (12) failing to properly stain the doors and cabinets; (13) rough edges on the cabinets with nail holes showing; (14) failure to sand the edges of the cabinets; (15) failing to install the kitchen bar so that it is in the proper location in alignment; (16) wooden pieces in the bottom of the kitchen sink instead of one piece; (17) piping is not complete under the sink; (18) failing to put proper caulking sealant around the home to

5

keep insects and other pests out; (19) the patio door in the living room and the window in the guest room were defectively installed so that they do not operate properly; (20) hall closet was not properly leveled; (21) the septic tank was not completed; (22) line for the security system was not properly installed; (23) fireplace was not finished; (24) there are dents in the walls and spaces between the sheetrock and corner pieces; (25) paint was not properly applied; (26) there is no dividing panel inside of the kitchen cabinet and the bathroom; (27) all pullout drawers are not finished and incomplete; (28) GFI outlet for master bath tub, the tub is plugged into receptacle using extension cord; (29) no tie downs that are visible from roof rafters to weight-bearing walls; (30) plywood spacer clips were not installed on approximately 25% of the roof sheeting; (31) no tie downs are present on beams to the posts on the covered porch on the North nor on the South side of said residence; (32) there does not appear to be post to concrete tie downs where there is a beam to post to concrete construction; and (33) there was no shear connectors installed for continuous tie from roof framing to concrete allowing for a high probability of structural failure during bad weather. **Exhibit A** at ¶ XXIV. According to Peterson, these are "but a few of the things that the Slocum Defendant(s) failed to properly install or defects that were caused by their faulty construction." *Id.*

20.    Peterson contends by way of her Complaint that the home is "totally uninhabitable." **Exhibit A** at ¶ XXIV. "It has severe structural problems, foundation problems, among a multitude of other defects and problems." *Id.*

21.    Peterson alleges that although Slocum entered into a contract to prepare the land described in the Warranty Deed for purposes of building a home thereon, it failed to do so, resulting in a material breach of the contract. **Exhibit A** at ¶ XII-XIII.

6

22.    Peterson contends that Slocum provided to Plaintiff "written, expressed and implied warranties of merchantability and fitness and habitability" and that all have been materially breached. **Exhibit A** at ¶XXI.

23.    According to Peterson, Slocum is guilty of fraud in that it purposely, through Landell Slocum, "misled the Plaintiff into thinking that they would and could properly construct a home for her.  When in fact, Slocum knew that he was not going to prepare and construct properly the home in question." **Exhibit A** at ¶XXIV.  Peterson contends that Slocum also made misrepresentations relative to the quality of work that would be performed.  *Id.*  Furthermore, Peterson alleges that Slocum "purposely misled [her] by telling her that the home had been inspected and that everything was proper." *Id.*

24.    As a result of Slocum's failures and/or the construction defects arising out of Slocum's faulty construction, the Plaintiff is seeking a full rescission and cancellation of the warranty deed and other contracts entered into with Slocum.  **Exhibit A** at ¶ XXVI.  Peterson also seeks "all amounts that she has expended on the home, including finance charges, payments made to the lending institution, repairs made to the house, attorney's fees and expert fees." Id.  In addition, Peterson seeks punitive damages "in an amount sufficient to punish the Slocum Defendant(s) for their improper construction of her home," as well as court costs and "any and all other determinations that the court deems proper to be made at a hearing of this cause." **Exhibit A** at ¶ XXVII.

25.    Upon being served the underlying Complaint, Slocum Construction demanded coverage from NBCI under its policy of commercial general liability insurance owned by Slocum Construction, with policy effective dates being February 27, 2007 through August 9, 2009, being policy number GL289079607 (hereinafter "NBCI's

7

Policy"). A true and correct copy of NBCI's Policy is attached hereto and is incorporated herein by reference as **Exhibit B.**

26.    In response to said demand for coverage, NBCI, on October 20, 2010, issued a reservation of rights letter covering the demands for coverage for the underlying Complaint. A true and correct copy of said Reservation of Rights Letter is attached hereto and is incorporated herein by reference as **Exhibit C**.

## **NBCI'S POLICY**

27.    NBCI'S Policy provides as follows:

Part A of NBCI's Policy provides the following in its Insuring Agreement:

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for damages and "defense expenses" is limited as described in Section III - Limits Of Insurance; and

(2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements and "defense expenses" under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided

8

for under Supplementary Payments - Coverages A and B.

b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)  The "bodily injury" or "property damage" occurs during the policy period; and

    (3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of

9

Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*See* **Exhibit B**, Section 1—Coverages, Coverage A, ¶ 1, Insuring Agreement, as modified by "Defense Expense" Included in the Limit of Insurance Endorsement.

28.    The NBCI Policy defines an insured as follows:

1.    If you are designated in the Declarations as:

…

c.    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

…

2.    Each of the following is also an insured:

a.    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or

limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.  However, none of these "employees" or "volunteer workers" are insureds for:

...

   (2)    "Property damage" to property:

         (a)    Owned, occupied or used by,

         (b)    Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

        you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

...

*See* **Exhibit B**, Section II – Who is an Insured, ¶1(c), ¶2 (a)(2).

29.   Within the NBCI Policy, "bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.  No emotional distress is covered except emotional distress caused by bodily injury." *See* **Exhibit B**, Section V. Definitions at ¶3.

30.   Further, within the NBCI Policy, "property damage" is defined as being related to "tangible property." *See* **Exhibit B**, Section V, Definitions at ¶17. Specifically, NBCI's Policy defines "property damage" as

       a.    Physical injury to tangible property other than "your work" or "your product", including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

       b.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**Exhibit B**, Section V, Definitions at ¶17.

31.    NBCI's Policy defines "your work" as,

      a.     Means:

          (1)     Work or operations performed by you or on your behalf; and

          (2)     Materials, parts or equipment furnished in connection with such work or operations.

      b.     Includes:

          (1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance  or  use  of  "your work"; and

          (2)     The providing of or failure to provide warnings or instructions.

**Exhibit B**, Section V, Definitions at ¶22.

32.    Furthermore, to the extent that the damages claimed by Peterson constitute damages because of "bodily injury" or "property damage", for coverage to lie, that injury or damage must be caused by an "occurrence" as that term is defined under the NBCI Policy.  The NBCI Policy defines "occurrence" as follow:

        "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**Exhibit B**, Section V, Definitions at ¶13.

33.    In addition to the above, NBCI's Policy contains the following exclusions which limit coverage:

This insurance does not apply to:

### Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**Exhibit B**, Section I, Coverage A, ¶ 2(a).

### Damage to Property

"Property damage" to:

(1)    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)    Property loaned to you;

(4)    Personal property in the care, custody or control of the insured;

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days.    A separate limit of insurance applies to Damages To Premises Rented To You as described in Section III Limits of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".[1]

---

[1]   The NBCI Policy defines "Products-completed operations hazard" as follows:

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)    Products that are still in your physical possession; or

        (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a)    When all of the work called for in your contract has been completed.

            (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

**Exhibit B**, Section I, Coverage A, ¶ 2(j).

### Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**Exhibit B**, Section I, Coverage A, ¶2(m).  Further, NBCI's Policy defines "impaired property" as:

    8.    "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

        a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

---

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. ...

*See* **Exhibit B**, Section V, Definitions at ¶16.

> b. You have failed to fulfill the terms of a contract or agreement;
>
> If such property can be restored to use by:
>
> a. The repair, replacement, adjustment or removal of "your product" or "your work"; or
>
> b. Your fulfilling the terms of the contract or agreement.

**Exhibit B**, Section V, Definitions at ¶8.

34. NBCI's Policy contains several exclusionary endorsements as well as endorsements that limit or affect coverage applicable to this claim. These endorsements are set forth herein below, as follows:

### Contractors Exclusion Endorsement

Under this endorsement, insurance does not apply to:

> 1. PENDING LITIGATION EXCLUSION
>
> "Bodily injury", "property damage", or "personal and advertising injury" which is the subject of litigation against you or any additional insured, or any contractual party, or any officer owner, partner, member insurance manager and/or risk manager prior to the inception date of the policy, regardless of whether such "bodily injury", "property damage", or "personal and advertising injury" continues to occur or becomes progressively worse during the policy period.
>
> 2. CONTINUOUS AND PROGRESSIVE DAMAGE E EXCLUSION
>
> "Bodily injury", "property damage", or "personal and advertising injury" which first occurs before the inception date of this policy, regardless of whether such "bodily injury", "property damage", or "personal and advertising injury" continues or becomes progressively worse during the policy period. [Emphasis added.]

3.   KNOWN DAMAGE EXCLUSION

"Bodily injury", "property damage", or "personal and advertising injury" which is known to you or any additional insured, or any contractual party, or any officer, owner, partner, member insurance manager and/or risk manager prior to the inception date of this policy, regardless of whether such "bodily injury", "property damage", or "personal and advertising injury" continues or becomes progressively worse during the policy period.

**Exhibit B**, Contractor's Exclusion Endorsement, MS-2004-011(10-04)

## Products or Work Exclusion Endorsement

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

| SCHEDULE |
| --- |
| Products: Policy Inception Date |
| Work: Policy Inception Date |

This insurance does not apply to:

"Bodily Injury", "property damage", "personal injury", "advertising injury", or "medical payments" included in the "products-completed operations hazard" and arising out of or alleged to arise out of any of "your products" manufactured, assembled sold handled or distributed by or on behalf of you prior to the date shown in the Schedule or "your work" performed by or on behalf of you prior to the date shown in the Schedule.

We will not defend any claim or suit, or pay any damages, loss, expense, cost, or obligation caused directly or indirectly by, arising out of, or alleged to arise out of, resulting from, contributed to, contributed by, or related in any way to "your products" manufactured, assembled sold, handled or distributed by or on behalf of you prior to the inception date shown in the Schedule or "your work" performed by or on behalf of you prior to the date show in the Schedule.

**Exhibit B**, Products or Work Exclusion Endorsement, MS-2004-022 (10-04).

## Total "Mold" Exclusion Endorsement

NBCI's Policy provides an endorsement which precludes coverage for claims in any way related to any "mold."  Specifically, the total "mold" exclusion provides, in pertinent part, as follows:

> This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", or "medical payments" arising out of, or alleged to arise out of, resulting from, caused by, contributed to, or in any way related to any "mold".

**Exhibit B**, Total "Mold" Exclusion Endorsement, MS-2004-013 (10-04).

NBCI's Policy defines "mold" as "any species of fungi, including, but not limited to, mold, yeast, mildew, spores, mold toxins, mycotoxins, mold metabolites, mold antigens, mold allergens, mold-produced antibiotics, or dust or fumes containing any of the foregoing, individually, or in any combination therewith or with another substance. *Id*.

## "Total Pollution" Exclusion Endorsement

In addition to the Total "Mold" Exclusion, NBCI's Policy contains a "Total Pollution" Exclusion, which limits coverage.  Specifically, the "total pollution" exclusion limits coverage as follows:

This insurance does not apply to:

> (f)    Pollution
>
> > (1) "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

. . .

**Exhibit B**, Total Pollution Exclusion Endorsement, CG 21 49 09 99.

NBCI's Policy defines "pollutant" as:

> 15.  "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.   Waste includes materials to be recycled, reconditioned or reclaimed.

**Exhibit B**, Section V, Definition ¶15.

## Punitive or Exemplary Damage Exclusion

> This insurance does not apply to a claim of or indemnification for punitive or exemplary damages.  If a suit shall have been brought against you for a claim within the coverage provided under this policy, seeking both compensatory and punitive or exemplary damages, then we will afford a defense for such action.  We shall not have an obligation to pay any costs, interests, or damages attributable to punitive or exemplary damages.

**Exhibit B**, Punitive or Exemplary Damage Exclusion Endorsement, MS-2004-025 (10-04).

## New Home Warranty Act Amendment Exclusion

> Notwithstanding any provision in this Insurance Policy or in the Schedule(s) to the contrary, this Insurance Policy does not apply to "bodily injury", "property damage", "personal injury", "medical payments", or "advertising injury", whether actual or alleged, that is in any manner subject to, governed by, arises out of, or is otherwise connected with, the warranties or any other obligations required of a "builder" under the Mississippi New Home Warranty Act (Mississippi Code annotated Sec. 83-58-1, et seq.).  For purposes of this Amendment, the term "builder" has the same meaning as defined in the Mississippi New Home Warranty Act.

New Home Warranty Act Amendment Exclusion, MS-2004-008 (10-04).

### Course of Roofing Operations Exclusion

It is agreed that the policy to which this endorsement is attached does not provide coverage for liability of any insured arising from property damage to buildings, structures, contents or any real or personal property related thereto, arising from or caused by, in whole or in part, the influx or intrusion of rain, hail, snow or any other form of precipitation during the course of work or operations to or upon a roof or other covering such building or other structure, whether or not caused by the negligence of the insured, its principals, agents, subcontractors or any other person or entity for which the insured may be liable.

. . .

This exclusion applies to liability of an insured howsoever incurred or alleged, including liability claimed to arise under an insured contract.

**Exhibit B**, Course of Roofing Operations Exclusion, MS-2004-032 (10-04).

35.   Part B to NBCI's policy also provides the following, in addition to the coverage provided under Part A:

1.   Insuring Agreement

    a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against ant "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle ant claim or "suit" that may result. But:

        (1)   The amount we will pay for damages and "defense expenses" is limited as described in Section III - Limits Of Insurance; and

(2)   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements and "defense expenses" under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**Exhibit B**, at Section I Coverage B, Personal and Advertising Injury Liability, as modified by the "Defense Expense" Included in the Limit of Insurance Endorsement.

36.   The NBCI Policy defines "personal and advertising injury" as follows:

Injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.   False arrest, detention or imprisonment;

b.   Malicious prosecution;

c.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premise that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.    The use of another's advertising idea in your "advertisement"; or

g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**Exhibit B**, Section V, Definitions at ¶14.

**SOLE COUNT – DECLARATORY JUDGMENT:
NBCI'S POLICY**

37.    NBCI incorporates the above allegations herein by reference, and would further show as follows:

38.    The terms, conditions, exclusions and endorsements of NBCI's Policy are clear and unambiguous.

39.    Defendants, Slocum Roofing and Construction Company; Slocum Construction, LLC; and Landy Slocum Roofing and Construction are not "insureds" under NBCI's Policy.

40.    NBCI's Policy does not provide coverage for the claims, demands and damages alleged and sought by Defendant, Laura Peterson, against Defendants, Patrick Landell Slocum, Angella A. Slocum, Slocum Roofing and Construction Company, Slocum Construction, LLC, Slocum Construction, Landy Slocum Roofing and Construction, Bonded Builders Warranty Group and Regions Bank, Regions Bank d/b/a Regions Mortgage, in the underlying Complaint.

**WHEREFORE, PREMISES CONSIDERED**, NBCI prays that this Court:

A.    Declare that the terms and conditions of the NBCI Policy, relieve it of any duty which otherwise exists to provide liability coverage, including a duty of defense and/or indemnification, for Defendant, Slocum Construction, LLC, or any of the other

Defendants, for any and all claims arising out of the Complaint filed by Defendant, Laura Peterson; and

B. Enjoin each and every one of these Defendants from either initiating or prosecuting a suit or any other action, including any post-judgment remedial action or garnishment against NBCI, or one another, until such time as this Court declares the rights and duties of the parties requested above; and

C. Advance this cause on the Court's calendar as authorized by Federal Rule of Civil Procedure 57; and

D. Grant NBCI such other general relief as this Court deems appropriate.

**FURTHERMORE**, NBCI prays that this Complaint for Declaratory Relief be received and that the declaratory relief be entered on each of the issues set forth above.

**RESPECTFULLY SUBMITTED** on this the ____ day of October, 2010.

> **NATIONAL BUILDERS AND**
> **CONTRACTORS INSURANCE**
> **COMPANY, A RISK RETENTION GROUP**
>
> By: _____
> CLYDE X. COPELAND, III
> JOHN S. GRAHAM

OF COUNSEL:

CLYDE X. COPELAND, III, (MSB# 10322)
JOHN S. GRAHAM (MSB#100364)
HARRIS, JERNIGAN & GENO
587 Highland Colony Pkwy.
P.O. Box 3380
Ridgeland, Mississippi 39158-3380
Telephone: (601) 427-0048
Facsimile: (601) 427-0050
ccopeland@hjglawfirm.com
jgraham@hjglawfirm.com